## W. O. BIGGERSTAFF v. THE STATE.

### No. 552.    Decided May 18, 1910.

### Rehearing denied June 15, 1910.

**1.—Negligent Homicide—Change of Venue—Transcript—Seal—Practice.**

Where, upon trial of murder, before the case was called for trial, defendant filed a plea to the jurisdiction of the court on the ground that the transcript of the proceedings of the District Court from which the venue was changed was not under seal of the district clerk of said county, there was no error to permit said clerk in person to duly affix his seal to the transcript of the proceedings on change of venue; although the better practice might have been to have ordered said clerk by certiorari to complete the record.

**2.—Same—Charge of Court—Accidental Killing.**

Where the court's main charge properly submitted the issue of accidental killing, there was no reversible error in refusing special charges on the same issue.

Appeal from the District Court of Hopkins. Tried below before the Hon. R. L. Porter.

Appeal from a conviction of negligent homicide; penalty, a fine of $500.

The opinion states the case.

*C. E. Shappard* and *Rolston & Ward*, for appellant.—Cited cases in opinion.

*John A. Mobley*, Assistant Attorney-General, for the State.—Cited cases in opinion.

RAMSEY, Judge.—Appellant was charged by indictment filed in the District Court of Franklin County with the murder of one M. L. Ramsey. Thereafter the case was transferred on charge of venue to Hopkins County, where upon a trial had therein on September 18 of last year he was found guilty of negligent homicide of the first degree, and his punishment assessed at a fine of $500.

That appellant shot and killed Ramsey about the 28th day of July, 1906, was shown by all the evidence. The testimony of the State supporting the judgment of conviction indicated that appellant almost immediately before the killing was engaged in a controversy with a Mr. Fulbright, and that just before the shooting he went off the end of the gallery of the house where he and Fulbright were and began waving his pistol and cursing, and saying, among other things, that he could whip every son-of-a-bitch in Haggensport. The evidence also shows at the time he was drinking, and that the killing occurred on the day of the primary election of 1906. Some of these witnesses say that at the time of the firing that no one was pressing against or jostling appellant. From the testimony of other witnesses the issue is raised that the killing was accidental, and resulted from an unintentional and accidental discharge of the pistol. We deem it unnecessary to make any further statement of the case.

1. Before the case was called for trial appellant filed a plea to the jurisdiction of the District Court of Hopkins County on the ground, which is verified by affidavit, that the transcript of the proceedings of the District Court of Franklin County, on file in the county of Hopkins, was not under the seal of the district clerk of Franklin County, and, therefore, the District Court of Hopkins County was without jurisdiction to hear and determine the cause. Thereupon, there was filed a motion asking the court to make an order compelling the district clerk of Franklin County to place his seal nunc pro tunc on the certificate to the orders embraced in the transcript on charge of venue. This motion was sustained by the court, and thereupon the district clerk of Franklin County duly affixed his seal to the transcript of the proceedings on change of venue. This is made one of the grounds of appellant's motion for new trial. Article 622 of our Code of Criminal Procedure provides as follows: "When an order for a change of venue has been made, the clerk of the court where the prosecution is pending shall make out a true transcript of all the orders made in the cause, and certify thereto under his official seal, and shall transmit the same, together

with all the original papers in the case, to the clerk of the court to which the venue has been changed." Under this statute it has been held that the court acquiring jurisdiction by change of venue has authority to supply any deficiencies in the transcript which are requisite to show all the proceedings in the case before its removal. Brown v. State, 6 Texas Crim. App., 286; Wolfforth v. State, 31 Texas Crim. Rep., 387. It has also been held that it is competent for the court to support its jurisdiction by proper writs to the court from which the cause has been transferred. In support of appellant's proposition, we are referred to the case of Cobb v. State, 51 Texas Crim. Rep., 464. This case, in some of its language, seems to support appellant's proposition. It is, however, opposed to all the authorities. See McDonald v. State, 7 Texas Crim. App., 113; Hasley v. State, 14 Texas Crim. App., 217; Hawkins v. State, 17 Texas Crim. App., 593; Bonner v. State, 38 Texas Crim. Rep., 599; Mitten v. State, 24 Texas Crim. App., 346; Johnson v. State, 28 Texas Crim. App., 562. In the last named case it was held it was not error to permit the certificate of transfer to be amended by affixing thereto the impress of the seal of the District Court, referring to Hasley v. State, and McDonald v. State, supra. It would seem a very technical and foolish proceeding where the court to which the case had been transferred has authority to protect its jurisdiction, to go gravely through the farce of sending the case back to the District Court of Franklin County in order that it might be sent back again with the seal attached to Hopkins County, when the district judge might, on proper showing and under safeguards protecting every right of appellant, permit the accredited officer to attach what had been inadvertently omitted—his seal to a certificate of transfer.

2. The only other question we deem it important to notice, and the only remaining one briefed by appellant, is to the action of the court refusing certain special instructions touching the issue of accidental homicide. It should be stated, in the charge the court defined murder in the first degree, murder in the second degree, and negligent homicide of the first and second degrees as well as the law of self-defense. On the issue of accidental killing the court thus instructed the jury: "I further charge you, that if you believe from the evidence, or have a reasonable doubt, that the defendant fired the pistol accidentally, that is, without intending to do so and thereby killed said M. L. Ramsey, and if you believe that he did not intend to kill said M. L. Ramsey, and that defendant was not guilty of negligence and carelessness in firing said pistol, then you should find the defendant not guilty."

Among the special instructions requested by appellant, and the refusal of which is assigned as error, is the following: "If you believe from the evidence in this case that when the defendant drew

his pistol he did so because he was in fear of death or serious bodily injury at the hands of J. L. Fulbright, Shi Fulbright, Verd Poe and Will Pike, or either of them, if you believe that said parties, or either of them, was at said time doing any act or acts reasonably calculated to produce upon the minds of the defendant a reasonable expectation or fear of death or serious bodily injury, judging the same from his standpoint at the time and under all the circumstances, and if you further believe that Dr. Henry Guthrie or anyone else, or anyone at all, pushed, jerked or pulled defendant off the gallery and out away from the gallery and that the defendant held his pistol up to keep them from getting the same, or causing the same to fire; and if you further believe that the deceased, Ramsey, came out close to defendant and spoke to him, and that any person, or persons caught defendant and caused him to accidentally discharge his pistol, or if you believe that the defendant accidentally discharged his pistol from any cause, and shot and killed the deceased without intending to shoot him and without intending to shoot his pistol at all, or if you have a reasonable doubt thereof, then you must find the defendant not guilty."

It will be noticed that this special charge recited and blended a number of facts and issues, but after the recital of these the jury are told that if they believe that the appellant accidentally discharged his pistol from any cause, and shot and killed the deceased without intending to shoot him, and without intending to shoot his pistol at all, or if they have a reasonable doubt thereof they must find appellant not guilty. This charge was not essentially different from that given by the court except that it omitted any question of negligence. If, as the court charged the jury, appellant was guilty of negligence in firing his pistol, he might be guilty of negligent homicide, although he did not at the time intend to kill deceased. We think the issue of negligent homicide was properly and sufficiently submitted by the court.

There are some bills of exception in the record, but we think, as presented, that they are without merit, and do not require discussion or treatment.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

### ON REHEARING.

#### June 15, 1910.

RAMSEY, Judge.—In this case counsel for appellant have filed an able and well considered motion for rehearing, in which they attack the opinion of the court holding, in substance, that there was no error in the trial court in permitting the district clerk of Franklin County to place his seal upon the certificate to the proceedings on change of venue from that county to Hopkins County. It is not

denied that the seal was duly affixed to such proceedings. Nor is it questioned that such proceedings, when so attested, were sufficient to accomplish the change of venue. No question is made by the clerk or by anyone on his behalf as to the authority of the trial court to compel him to attend court in Hopkins County and complete his record. The record, as it comes to us, is complete in every respect, and no attack is made upon it as it exists, but rather the attack is made as to the manner of securing its due attestation. We think it may well be doubted whether, if the clerk of Franklin County had resisted and had stood upon his rights to remain in the county of his residence and his office, the District Court of Hopkins County would have had the authority to have compelled him to have left his county and gone to Hopkins County. It is certain that the better practice in such case, and we think the better practice gener-ally, would be for the court to which a case had been transferred on change of venue, to issue an order of certiorari compelling the clerk of the court a quo to complete the record, as in this case, by attaching his seal, or to permit State's counsel to withdraw the record for this purpose. This seems to be the practice approved in Vance v. State, 34 Texas Crim. App., 395. But in the opinion in this case we were dealing with a condition. As a matter of fact the record was perfected. The clerk of the District Court of Franklin County made no objection. Attestation was done under the super-vision of the court, and under such safeguards as would have pro-tected and as in fact did protect every right appellant had. Shall we say in such a case that the proceedings in the trial are to be nullified because the clerk might have been put to the inconvenience or might have refused, when in fact no such refusal is shown or no such inconvenience claimed? It seems clear to us that as presented there is no error committed by the trial court.

This is the only ground contained in the motion for rehearing. Believing as applied to the facts of this case that same is not of substantial merit, it is overruled.

*Overruled.*