## MARGARET KNAUF V. THE STATE.

No. 11224.   Delivered December 14, 1927.

Rehearing denied February 1, 1928.

**1.—Sale of Intoxicating Liquor—Allegation and Proof—No Variance Shown.**

Where appellant was charged with a sale of intoxicating liquor to three parties and the evidence disclosed that three men entered the house of appellant together, and one of them purchased from, and paid her for a pint of whisky, the other two being present and having contributed their pro rata of the purchase price, and the court having submitted the issue on this point in his charge, their determination of the issue cannot be disturbed.   See Asher v. State, 277 S. W. 1099, and other cases cited.

**2.—Same—Evidence—Leading Questions—When Permissible.**

Where a state witness had refused to identify appellant as the party from whom he had purchased the liquor, and being recalled by the state, witness later testified that the appellant was the party from whom the liquor was purchased, there was no error in permitting the state to ask witness if the main reason he testified as he had the first time was because he hated to buy liquor from a person like that and then turn them in, while leading the question was permissible.

**3.—Same—Leading Questions—Bill of Exception—Rule Stated.**

It is the rule that to be sufficient a bill of exception to leading questions must affirmatively exclude any idea that under the peculiar circumstances of the particular case, the court was justified in permitting the state to ask leading questions.   See Branch's Ann. P. C. Sec. 159, Carter v. State, 127 S. W. 215, and other cases cited.

**4.—Same—Plural Counts Submitted—Verdict Held Sufficient.**

Where the court in his charge submitted two of the counts in the indictment, one charging a sale and the other the possession of intoxicating

liquor, without directing the jury to state under which count their verdict was found, and the verdict returned was "We, the jury find the defendant guilty as charged in the numbers 1 and 3 counts of the indictment, and assess her punishment at confinement in the state pententiary for a period of one year," there was no error in the court applying the verdict to the first count.   Following Rambo v. State, 258 S. W. 827, and Meadors v. State, 275 S. W., 829.

### 5.—Same—Bill of Exception—Qualification of Court—Presents No Error.

Where appellant complains of the admission of the evidence of prosecuting witness, that on the night he purchased the liquor from her, he stayed all night in her house, and slept with her, and his bill was qualified by the court with the statement that the evidence was properly admitted as tending to establish the idenity of appellant, which was in issue, the court's qualification controls the bill and no error is shown.

### 6.—Same—Bill of Exception—Qualification of Court—How Excepted To— Rule Stated.

Where appellant's bill of exception was qualified by the court, and counsel for appellant endorsed under the qualification "Objects to qualification and insists upon exceptions for reasons stated," without the verification of the trial court of such exception to the qualification, same cannot be considered by this court.

### 7.—Same—Continued.

An exception to the judges action in qualifying a bill of exception must be verified by the trial court before this court can properly consider it. Appellant's notation on the bill, not verified was not such an exception to the qualification as this court can consider.   See Nicholson v. State, 295 S. W. 436.

### 8.—Same—Collateral Offenses—When Admissible—Rule Stated.

Where testimony is material and relevant to an issue in the case on trial, it will not be rejected because in and of itself it proves the commission of a separate offense, or establishes some collateral or unrelated fact.   See Thomas v. State, 282 S. W. 237.   Underhill's Crim. Ev. (3rd Ed.), Sec. 154.

#### ON REHEARING.

### 9.—Same—Allegation and Proof—Variance—Properly Submitted to Jury.

Where there was a conflict in the evidence as to whether the sale of the liquor was made to three parties, as was charged in the indictment, or to only one of said parties, this issue was for the jury to determine, and being properly submitted to them in the court's charge, their determination is decisive of the matter.

### 10.—Same—Bills of Exception Incomplete—No Error Presented.

On rehearing appellant complains that we did not consider his bills of exception, Nos. 18 and 21, in our original opinion, and No. 18 is not shown to have been approved by the trial court, and No. 21 shows an objection made to evidence, but fails to set out the evidence objected to, this explains why these bills were not discussed in our original opinion.

### 11.—Same—Argument of Counsel—Improper—Not Reversible Error.

While it may be conceded that State's Attorney in this case may have drawn some unwarranted, and possibly erroneous deductions in his

argument, the jury having inflicted the minimum punishment no prejudice, nor reversible error is presented in the argument.

Appeal from the District Court of Donley County. Tried below before the Hon. C. C. Small, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*E. H. Beville* of Clarendon for appellant.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment confinement in the penitentiary for one year.

The judgment of conviction is based on the first count of the indictment, which charges a sale of intoxicating liquor by appellant to Reese, Tyree and Decker. Appellant insists that there is a variance between the allegation and the proof, in that, as she claims, the proof showed a sale to Reese alone.

The court's charge advised the jury that it was not sufficient to show a sale of liquor to some one of the parties named in the first count of the indictment, and that if they had a reasonable doubt as to whether or not the sale was made to Reese, Tyree and Decker, they would acquit appellant under said first count. The proof shows that the three parties named in the first count of the indictment drove together in a car to appellant's house. The three parties entered the house together, and Reese opened the negotiations by asking appellant if she had any liquor. Appellant answered in the affirmative, and Reese told her that he wanted a pint. Appellant left the room and shortly thereafter returned with a pint of liquor, which she handed to Reese, for which he handed her three or four dollars. Reese, Tyree and Decker each paid his pro rata part for the liquor. Their testimony, however, is conflicting as to whether or not appellant was present at the time Tyree and Decker gave their part of the purchase price of the liquor to Reese. Reese testified on redirect examination that "when the money was made up there and the other boys paid me their part and I handed the money to her, she was there at that time and we were all there together." Tyree testified on direct examination that appellant was in the house, but was not present when he gave his money to Reese. Decker testified on direct examination that "we were all there in the room together when we made up the money to

buy the liquor, and then he (Reese) paid it to Mrs. Knauf." On cross-examination Decker testified that as well as he remembered he gave Reese his money when they went into the house. Reese, Tyree and Decker drank some of the liquor in appellant's presence at her house.

Appellant predicated her request for a peremptory instruction of acquittal on the statement made by each of the state's witnesses, in substance, that the transaction whereby the liquor was purchased was had by Reese and appellant.

Appellant cites several authorities in support of the proposition that the naming of the purchaser in an indictment charging a sale of intoxicating liquor is descriptive of the offense, and that the averment of a sale to one is not supported by proof of a joint sale to two or more, and vice versa. Asher v. State, 277 S. W. 1099; Elliot v. State, 277 S. W. 141; Brown v. State, 276 S. W. 908; Price v. State, 202 S. W. 948. The decisions cited by appellant announce the correct rule. That the trial court made proper application of the rule is evidenced by the instruction hereinbefore pointed out. Viewed from a standpoint most favorable to appellant, the proof does not exclude a sale of liquor by appellant to Reese, Tyree and Decker, jointly, and goes no further than to raise the issue as to whether the sale was made by appellant solely to Reese or to the three parties, jointly. Not conceding that the evidence fails to show conclusively that the sale was made to the three parties named, suffice it to say that, in submitting the issue to the jury by proper instruction, the court fully protected appellant's rights. It follows that appellant's contention that the proof fails to support the allegations of the indictment as to the purchasers must be overruled.

By bill of exception No. 7, it is shown that during the trial of the cause, the witness Reese had failed to identify appellant, and had testified that he purchased the liquor in question from another party; that after giving such testimony the witness was arrested under an order of the court and kept in custody; that after being talked to by the officers, the witness identified appellant as the person from whom he purchased the liquor; that the witness was then asked by the District Attorney "if the main reason he was testifying like that the first time was because he hated to buy liquor from a person like that and then turn them in." Appellant objected to the question on the ground that it was leading, suggestive, prejudicial and not related to any of the issues of the case. The objection being overruled the witness answered the question in the affirmative.

It is the rule that to be sufficient a bill of exception to leading questions must affirmatively exclude any idea that under the peculiar circumstances of the particular case the court was justified in permitting the state to ask leading questions. Branch's Ann. Penal Code, Sec. 159; Carter v. State, 127 S. W. 215; Marshall v. State, 286 S. W. 214. We find nothing in the bill affirmatively showing that the question complained of did not fall under one of the exceptions to the general rule which forbids leading questions.

The indictment contained three counts. The second count was withdrawn from the consideration of the jury, while the first and third counts were submitted without any instruction that the jury should designate the count upon which they found against accused. No exception was taken to the failure of the court to give such instruction. In the first count appellant was charged with selling intoxicating liquor to the parties therein named, and in the third count she was charged with possessing intoxicating liquor for the purpose of sale. The verdict returned by the jury read as follows:

"We, the jury, find the defendant, Margaret Knauf, guilty as charged in the Nos. 1 and 3 counts of the indictment and assess her punishment at confinement in the state penitentiary for a period of one year."

The court applied the verdict to the first count. It is shown by bill of exception No. 10 that after the jury was discharged appellant excepted to the verdict on the ground that "it was contrary to the court's instructions and the evidence in the case, and further that the defendant could not be guilty of both offenses at one and the same time."

Appellant's bill does not manifest reversible error. The evidence showing only one transaction and the minimum penalty having been assessed, we are clearly of the opinion that it was not the purpose of the jury to convict appellant of two felonies, but only upon one transaction. The sale of the liquor in question by appellant involved the possession of liquor for the purpose of sale, and the two counts of the indictment upon which the verdict was predicated depended upon one and the same transaction. Rambo v. State, 258 S. W. 827; Meadors v. State, 275 S. W. 829.

Bill of exception No. 17, presents the following occurrence; while the witness Decker was testifying in rebuttal for the state, he was asked by the District Attorney where he spent the night on the occasion of the purchase of liquor from appellant. The witness answered that he spent the night at the home

of appellant, and slept with appellant. Appellant objected to the question and answer on the ground that the testimony elicited was prejudicial and constituted an attempt to show that appellant's home was a house of prostitution, and had the reputation of being a house of ill repute. Further objections were that the testimony was irrelevant and immaterial and showed the taking place of an act subsequent to the commission of the offense charged in the indictment. The court qualified the bill by stating, in substance, that the identity of the party alleged to have sold the liquor had been put in issue, and that the testimony had material bearing on the question as to whether or not the witness was mistaken in identifying appellant as the party from whom the liquor in question was purchased. Immediately under the signature of the trial judge authenticating the bill as qualified, and over the signature of appellant's attorney, appears the statement that appellant "objects to qualification and insists upon exceptions for reasons stated."

An exception to the judge's action in qualifying a bill of exception must be verified by the trial court before this court can consider it as properly in the record. Nicholson v. State, 295 S. W. 436. Appellant's notation not being such an exception as we are authorized to consider, the bill must be appraised in the light of the qualification.

Appellant denied that she sold the liquor in question to the witness Reese and his companions, testified that she was away from home on the occasion Reese claimed to have bought the liquor from her, and stated that her sister, who resembled her very much "in appearance, height and facial appearance," was visiting her during the month of March. The testimony of other witnesses supported appellant's theory. The proof showed that the offense was committed on March 20. The cross examination of the state's witness Reese shows that the witness first stated that he did not recognize appellant as the party from whom he purchased the liquor; that he was placed under arrest and talked to by the officers; that he then positively identified appellant as the person who sold him the liquor; that appellant, taking advantage of the contradictory testimony of the witness, severely questioned him in a manner calculated to impress the jury with the fact that he was mistaken when he identified appellant in connection with the transaction. The testimony of the state's witnesses, Tyree and Decker, on cross examination, was in substantially the same attitude as that of the witness Reese. Each of the witnesses was shown to have given testimony contradictory of his former testimony concerning the question of

appellant being the party from whom the liquor was purchased. The question of identity was thus a controverted issue, and the testimony complained of was material and relevant to such issue. When testimony is material and relevant to an issue in the case on trial, it will not be rejected because in and of itself it proves the commission of a separate offense or establishes some collateral or unrelated fact. Thomas v. State, 282 S. W. 237. Underhill's Crim. Ev. (3rd Ed.), Sec. 154. No error is manifested by appellant's bill.

Bill of exception No. 18 was rejected by the court. Appellant's exception to the act of the court in rejecting said bill is not authenticated by the court. It follows that we are unauthorized to consider the bill.

We are unable to agree with appellant that bills of exception Nos. 15 and 16 manifest reversible error. We are constrained to hold that the argument of the District Attorney was not of such prejudicial nature as to require a reversal of the case. The evidence was amply sufficient to warrant the conviction of appellant and the minimum penalty was assessed against her.

There are several matters, presented by bills of exception, which we have not undertaken to discuss. However, we have made a careful examination of each contention made by appellant and find no reversible error.

The judgment is affirmed.                              *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant makes quite a lengthy argument the gist of which is that this court should hold that the sale in question was not made jointly to Reese, Tyree and Decker, as alleged in the indictment, but that it was in fact made to Reese alone and was therefore at variance with the allegation. Beyond doubt the evidence was in conflict on the point. Such being the case, neither the trial court nor this court could determine such issue of fact. The learned trial judge, realizing that in the jury alone was vested power to settle the matter, quite properly instructed them that it was not sufficient to show a sale to one of said parties, and that if they entertained a reasonable doubt as to whether the sale was made to the three of them an acquittal was demanded. As we

understand the facts, the charge given was all appellant was entitled to.

Appellant complains that we overlooked bills 18 and 21. He devotes some six pages of his motion for rehearing to a discussion of them. We find that bill 18 was refused by the court, hence it has no place in the record whatever. Bill 21 appears to be a complaint of some evidence elicited on cross-examination from one of appellant's witnesses. An examination of the bill reveals that it contains the objection urged, but wholly fails to set out what evidence was elicited over such objections. The matters suggested will perhaps explain why the bills were not discussed in our original opinion.

Appellant devotes much time and space to three bills reserved by him to argument of the District Attorney. We can but regard some of the expressions complained of as reflecting only the District Attorney's conclusions based upon the conduct of the state's witnesses during the trial. It can scarcely be said his conclusions were wholly unwarranted. Other expressions were the District Attorney's opinion about how appellant acquired certain property which she claimed to own in Oklahoma. If it be conceded that in some instances the prosecutor in the heat of debate may have gone too far, still we can not agree with appellant's contention that such remarks should be held to have been prejudicial. The fact that the jury assessed only the minimum penalty under a state of facts which appears to fully justify the verdict rather suggests an entire lack of improper influence from the argument or any other incident occurring during the trial.

The motion for rehearing is overruled.

*Overruled.*