## Earl Carter v. The State.

### No. 11352.   Delivered January 25, 1928.

**Robbery—Evidence—Circumstantial—Properly received.**

Where prosecuting witness had testified that he was robbed at the point of a pistol by two men, who then hurriedly left his store, and got in a closed gear-shift car, and as they drove away he shot at, and thought he hit the car, there was no error in permitting the state to prove that appellant on the day of the robbery rented a closed gear-shift car, and when he returned same, it had a bullet hole in it. This testimony was relevant on the issue of identity.

Appeal from the District Court of Wichita County. Tried below before the Hon. P. A. Martin, Judge.

Appeal from a conviction for robbery penalty five years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for robbery, punishment five years in the penitentiary.

There are two bills of exception in the record. In the first it is set up that it was error to permit the state to prove that one Raymond Helms rented a car from A. D. Lightsey on the 15th or 16th of January, 1927. The objection was that it was res inter alios acta, that appellant was not present at the time of such renting. The other bill of exceptions complains of the testimony of Mr. Lightsey that said car was returned and that it had a bullet hole in it. We do not think either bill manifests error. The prosecuting witness testified that Raymond Helms and appellant robbed him by holding a gun upon him while they took his money. He said that as soon as they got his money they hurriedly left his store and got in a closed car and that he got a gun and went outside and shot at the car. He said that it was a closed, gear-shift car, and that he felt sure he hit the car. The car rented by Mr. Lightsey to Helms was a closed gear-shift car, and when it was returned it had, as above stated, a bullet hole in it. It was shown that appellant had been working for the father of Helms in a junk business. A witness testified that he saw the automobile belonging to Mr. Lightsey, which was used in the robbery, and that it had been shot with a bullet; that it was a closed Whippet sedan. Appellant took the stand in his own behalf and denied seriatim the testimony of the prosecuting witness in which he identified appellant. There is some contradictory testimony as to the kind of shoes and

clothes worn by appellant. The reconciliation of matters of conflict in testimony is for the jury. The record presents no reversible error.

The judgment will be affirmed.                    *Affirmed.*