IRA BURT v. THE STATE.

No. 20910.    Delivered March 13, 1940.

The opinion states the case.

*Russell & Edwards,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is murder; the punishment, confinement in the penitentiary for ten years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Bertie Y'Barbo by shooting him with a pistol.

Appellant was a deputy sheriff of Nacogdoches County. According to the testimony of the State, appellant sought to arrest deceased. Deceased would not submit to arrest but ran from appellant. Appellant followed him for some distance, ordering him to stop. When he failed to obey, appellant pulled his pistol and shot him.

Appellant testified that he fired toward deceased for the purpose of causing him to stop and that he had no intention of killing him. Further, it was appellant's version that deceased was drunk at the time he sought to arrest him. We quote from appellant's testimony: "I drew my gun to fire to the right of him. I didn't intend to hit the boy at all. He hadn't done nothing to me to try to kill him because I was a little officer down there. It wasn't my intention to do that at all. My intention was to shoot kind of to the right of him and possibly stop him. I didn't have any intention to hit the boy and kill him— nothing like that."

The court submitted instructions covering murder with malice, murder without malice, the right of an officer to use reasonable force in effecting an arrest, and negligent homicide of the second degree. Also the court instructed the jury as follows:

"If you believe from the evidence, or have a reasonable doubt thereof, that the defendant shot the said Bertie Y'Barbo by accident, and that he was not guilty of any negligence or carelessness, in doing so you will find the defendant not guilty."

Appellant timely and properly objected and excepted to the charge of the court on the ground that it failed to submit to the jury his affirmative defense, it being his contention that the court should have instructed the jury to acquit him of murder if they had a reasonable doubt that he fired the shot in an effort to stop deceased, and had no intention of hitting him. We think this charge should have been given. If appellant's testimony on the point had been believed he would have been entitled to an acquittal of the charge of murder. See Rodriguez v. State, 4 S. W. (2d) 52. The court's charge on accidental homicide was not sufficient to present appellant's affirmative defense to the charge of murder, in that it was calculated to lead the jury to believe that appellant could be held guilty of murder if he was negligent and careless in discharging his pistol. As we view the record, the issue of accidental homicide was not in the case. If it had been the charge of the court it should not have been trammeled by conditions requiring the jury to find that negligent homicide was not in the case before they could acquit appellant of murder on the accidental theory. See McPeak v. State, 187 S. W. 754. Where the evidence raises the defensive theory in an affirmative way it is incumbent upon the court to submit it. Rodriguez v. State, supra.

The judgment of the court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.