## IRA BURT v. THE STATE.

No. 21336. Delivered December 11, 1940.

The opinion states the case.

*H. L. Edwards,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted on a charge of murder and assessed a penalty of five years in the penitentiary.

This case with the same question now before us has heretofore been before this court in Number 20,910, reported in (138 Texas Cr. R. 540) 137 S.W. (2d) 1045. We held at that time under a well considered opinion that appellant was entitled to have his affirmative defense submitted to the jury without complicating issues. It is our opinion that on the second trial of the case the learned trial judge has failed to remove these complications.

Applying the facts of the case, which were the same as found in the record before us, it was held in the former appeal that the court should have instructed the jury, "if they had a reasonable doubt that he fired the shot in an effort to stop deceased, and had no intention of hitting him," they should acquit him. It was further said that the court's charge on accidental homicide was not sufficient to present appellant's affirmative defense in that it was calculated to lead the jury to believe that appellant could be held guilty of murder if he was negligent and careless in discharging his pistol. This is not the law of this case. It was stated that accidental homicide was not shown to be in the case. It was further said that even though it had been, the charge of the court should not have been trammeled by conditions requiring the jury to find that negligent homicide was not in the case before they could acquit appellant of murder on his accidental theory.

Notwithstanding the foregoing holding, we find the following charge in this particular case: "If you believe from the evidence, or have a reasonable doubt thereof, that the defendant shot his pistol for the purpose of causing the said Bertie Y'Barbo to stop, and was not guilty of any negligence or carelessness in doing so, you will find the defendant not guilty."

Under the authorities cited in the former opinion we think this charge is error requiring a reversal of the case.

We know of no stronger language to use than that heretofore used which states that where the evidence raises a defensive theory in an affirmative way, it is incumbent upon the court to submit that theory in a charge untrammeled by other issues and without conditions such as found in the foregoing charge.

The court's definition of murder should, of course, comply with the present statute, Vernon's Annotated Penal Code, Art. 1256.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded.