SOLOMON ROYAL V. STATE.

No. 24721. March 29, 1950.
Motion for Rehearing Denied May 10, 1950.

*Vincent Ferrell,* Linden, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for assault to murder, with a sentence of two years in the penitentiary.

Appellant is charged, in an ill advised indictment, with the offense of assault to murder two parties, Lois Roleigh and Lee

Andrew Roleigh. Joining two injured parties in one indictment frequently leads to difficulties not necessarily involved if indictments are drawn according to the usual custom, and is responsible for presenting a question in this appeal which could easily have been eliminated by the pleadings in the case.

The appellant, a married man, and a Negro woman named Lois Royal had, for a period of ten years or more, associated in a turbulent manner, but nevertheless continuously, in what we understand to be an illicit relationship. They were second cousins. Appellant was much in love with Lois and was reluctant to discontinue their association. Lois, however, had married Lee Andrew Roleigh contrary to the demands which appellant had made of her, and in spite of his threats to kill her if she did.

Prior to the shooting Lois had been away from home some two or three months. Appellant heard that she had returned to the community and sought to have an interview with her, sending her a threat by her nephew if she did not meet him. Upon receiving this threat, Lois went to the justice of peace at Hughes Springs and reported the matter, at the same time signing a complaint of some kind, the nature of which is immaterial. The constable invited Solomon to visit the justice of peace, which he did and paid a fine.

Solomon brooded over this to the extent that his wife inquired of his health and to know what he was troubled about. Finally, to get away from his wife to keep her from worrying, Solomon took his single barrel shotgun and went hunting. He went down into a winding bottom and, finally, to the house where Lois and her husband were staying. It was late in the afternoon and as he approached the house he saw the bride and groom emerging from it, carrying water buckets. He took it that they were going to the spring and that they had not seen him, so he retreated into weeds and thicket at the side of the path and, from this point, shot one time at the couple sprinkling both of them with small shot. The distance he was from them is immaterial because the jury passed on the controverted issue. The wounds inflicted were not serious.

Appellant testifying in his own behalf takes no issue with the facts herein above stated, much of which is summarized from his own testimony. He does say that he did not intend to kill them, that he decided he would go have a talk with them and ask them why they filed the charges against him and he

did not know what it was for. When he saw them, he says, "* * * and I decided—of course, I didn't mean to kill them or anything like that, just thought I would sprinkle them and scare them away from there. I didn't intend to kill them * * *."

The first question raised and discussed by appellant is the refusal of the court to charge that if they believed the defendant fired to frighten and not to kill the prosecuting witnesses that they should acquit him of assault to murder. Presumably, appellant wanted this given in an affirmative charge. We quote the following, on the subject, from the court's charge, which we believe to be sufficient under the facts of the case. "If you believe from the evidence that the defendant is guilty of an assault, but have a reasonable doubt as to whether such assault was with intent to murder, then you will acquit him of that offense and next consider whether he is guilty of an aggravated assault."

The only evidence in the case to justfy the foregoing charge is the quoted testimony of appellant himself. This is not an affirmative defense, but only a negative statement. It is sometimes very difficult to distinguish, under the holdings of our court, the difference between a negative defense and an affirmative defense requiring an affirmative charge. In the instant case, appellant testified to nothing, which if found to be true, would justify his acts if the jury should find he intended to kill. He merely denied the allegation of intention to kill. There is no requirement that this defense be affirmatively submitted.

Bills of Exception Numbers 5, 6 and 7 complain of the refusal of the court to permit testimony, but the bills do not advise us as to what that testimony was. Therefore, we find nothing in the bills which he might construe as proper testimony, nor are we able to determine that there was error in excluding it. The court approved these bills with the exception that he excluded the statement "to the prejudice of the rights of the defendant". Appellant excepted to this qualification and then makes the contention that the bills are approved by the court and thereby certify error. In the first place, it is doubted that we might construe the statement added by the court as a qualification. It is more of the nature of a limited approval. If the court had refused the bill and appellant excepted to his refusal there still would have been no bill. He refused to approve that part of the bill, but made no explanation and no addition to the bill. In the opinion of the writer it would go beyond the holdings of this court, as cited by appellant's brief, to say that the exception restored to the bill the statement of which the court did not approve.

In the second place, neither bill shows error, even if it contains the statement in question. To say that a matter prejudices the rights of the defendant is quite different from a statement that it is inflammatory and otherwise unfair to the party on trial.

The most serious question in this case is raised by Bills of Exception Numbers 2 and 3, complaining of the refusal of the court to instruct the jury that, even though they find that appellant intended to kill Lois Roleigh, they cannot convict him under the indictment unless they also find that he intended to kill Lee Andrew Roleigh. It is noted that appellant's brief cites no authorities to support that contention. It is admittedly the law, however, that if an allegation is made in the manner of that before us, the state is compelled to make its case as to the offense against both. Had the evidence shown that he actually shot at Lois; that he only hit Lois; and that Lee Andrew was not present at all, the state's case would fall and the jury would be instructed to return a verdict of not guilty. Likewise, if there was a conflict in the evidence as to whether or not Lee Andrew was involved in the matter at all, the issue would be submitted to the jury. See Knauf v. State, 108 Tex. Cr. R. 590, 2 S. W. 2d 229, and numerous authorities discussed therein. The statement of facts above quoted, however, brings a different situation to us. The shot he fired hit both parties alleged. Defendant himself gave no testimony that would make any distinction between his victims. He shot at both for the purpose of scaring them away. The only difference found in the evidence is in the state's case wherein they have shown threats made against Lois, to corroborate the intention to kill as implied from the weapon used and the manner of its use. Then, too, the nature of the case is different from that discussed in the Knauf case. Suppose it is definitely shown that he did not intend to kill Lee Andrew, but did intend to kill Lois. He shot her and also hit Lee Andrew. He would still be guilty of assault to murder them both and the requested charge would not be required. The nature of the offense is such that the line of authorities discussed in the Knauf case would not apply here.

Finding no reversible error, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

GRAVES, Judge.

In his motion for rehearing it is argued that the opinion is

contrary to that expressed in Burt v. State, 138 Tex. Cr. R. 540, 137 S. W. 2d 1045, and many others, some of which were discussed in the Burt case. We will not discuss all of the decisions referred to. The Burt case will serve as a fair example to illustrate the point at issue.

Burt was an officer. He attempted to arrest a party who was fleeing by shooting at him and was charged with murder. He said: "I drew my gun to fire to the right of him. I didn't intend to hit the boy at all. He hadn't done nothing to me to try to kill him because I was a little officer down there. It wasn't my intention to do that at all. My intention was to shoot kind of to the right of him and possibly stop him. I didn't have any intention to hit the boy and kill him—nothing like that." In other words, striking the injured party was an accident, according to Burt's evidence, while in the case now before us appellant did exactly what he intended to do. He shot at the injured parties and hit them. The only defensive evidence in the case was that, in shooting at them, he did not intend to kill them. We think that issue was submitted to the jury in a proper manner and that the opinion is not in conflict with the Burt case, nor with the other cases discussed in that opinion.

Appellant's motion for rehearing is overruled.