Samuel Lewis **SYKES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 38932.

Court of Criminal Appeals of Texas.

Jan. 19, 1966.

Rehearing Denied March 9, 1966.

John W. O'Dowd, John M. Ille, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Gene D. Miles, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

Tried upon an indictment alleging murder with malice of Joyce Jones by shooting her with a gun, appellant was found guilty of the lesser included offense of negligent homicide of the second degree (Art. 1243 P.C.) and his punishment was assessed by the jury at 3 years in jail.

The killing occurred in "The Celebrity Room," a cafe. All of the evidence shows that Joyce Jones, an 18 year old Negro girl, died as the result of a gunshot wound inflicted by a bullet from a .25 caliber automatic pistol in the hand of appellant.

Dr. Bucklin, Associate Medical Examiner for Harris County, testified that the bullet entered the left side of the chest; went through the fourth rib and into the left lung; perforated the heart; entered the right lung and was recovered in the right pleural cavity. He expressed the opinion that the gun was not touching the skin, but was some six inches away when fired, and that a person after being shot in such manner would live only 2 or 3 minutes.

Appellant's version was that, after he had been called back and told that he owed an additional two cents for his chili, he pulled out everything in his right trousers pocket, including the pistol, a key chain with a rabbit's foot on it and several nickels, and that after he put a nickel on the counter and was waiting for his change the gun "went off". He testified that he did not intend to shoot anyone; that he did not know how the gun fired and that he had not pulled the trigger.

He denied having earlier approached another girl in the cafe, also named Joyce, or that he threw his arm around her shoulder, displayed a gun or told her that if she did not let him feel her breasts he was going to shoot her, or that he exhibited a gun in the recreation room after talking to a girl named Daisy, as the state's witnesses testified.

The court did not err in submitting to the jury an instruction on negligent homicide of the second degree. Abell v. State, 109 Tex.Cr.R. 380, 5 S.W.2d 139, 61 A.L.R. 318; Chant v. State, 73 Tex.Cr.R. 345, 166 S.W. 513; Taylor v. State, 145 Tex.Cr.R. 158, 166 S.W.2d 713.

The charge given was substantially the same as that approved in Brown v. State, Tex.Cr.App., 376 S.W.2d 577.

The claims of error presented as ground for reversal all relate to the portion of the charge which followed the submission of murder with malice aforethought which · (omitting the full definition of negligent homicide of the second degree and the punishment provided for such offense in Art. 1243 P.C.) reads:

"You are further charged, however, that if you believe from the evidence

beyond a reasonable doubt that the defendant, on or about the 20th day of October, 1964, unlawfully shot and killed Joyce Jones by then and there shooting her with a gun, as charged by the indictment herein, but you have a reasonable doubt as to whether he did so (if he did) with malice aforethought, then you will resolve such doubt, if any, in favor of the defendant and next consider whether this defendant be guilty of negligent homicide *in* the second degree."

(Here follows the definition.)

"Now, therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, Samuel Lewis Sykes, heretofore on or about the 20th day of October, A.D. 1964, in Harris County, Texas, was then and there engaged in the performance of an unlawful act, to-wit, carrying a pistol on or about his person in the County and State aforesaid, and did then and there while so engaged, by negligence and carelessness cause the death of Joyce Jones, by then and there negligently causing and permitting said pistol (gun) to discharge a bullet, which then and there struck the body of the said Joyce Jones, and from which injuries from said pistol the said Joyce Jones then and there died; and that at the time said pistol was discharged, the defendant had no apparent intention to kill the said Joyce Jones, and you further find from the evidence beyond a reasonable doubt, that at the time said pistol was discharged, there was an apparent danger of causing the death of said Joyce Jones, which the defendant knew or should have known, in the exercise of due care and caution, such as a reasonably prudent person would or should have used under the same or similar circumstances, then you will find the defendant guilty of the offense of negligent homicide *in* the second degree, and assess his punishment at imprisonment in the County Jail for a period of time not to exceed three years or by a fine not to exceed three thousand dollars ($3,000.00).

"But if you do not so find and believe from the evidence or if you have a reasonable doubt thereof then you will acquit the defendant and say by your verdict 'not guilty'."

"You are instructed that no act done by accident is an offense, except where there has been a degree of carelessness or negligence which the law regards as criminal.

"Therefore, if you believe from the evidence beyond a reasonable doubt that the said Joyce Jones was killed by the defendant as charged in the indictment, but if you believe or have a reasonable doubt thereof that the pistol was not intentionally discharged and if you believe or have a reasonable doubt thereof that the pistol was accidentally discharged for any reason other than the negligence and carelessness of the defendant, then you will acquit the defendant and say by your verdict 'not guilty'."

■ We find no merit in appellant's contention that the court erred "in stating that the appellant was then and there engaged in the performance of an unlawful act, to-wit: carrying a pistol, without first setting out and defining the law concerning carrying a pistol." It is clear that in the charge above quoted the jury was required to find that appellant was so engaged before convicting him for negligent homicide of the second degree.

Further, all of the elements of the offense of unlawfully carrying a pistol were contained in the court's submission of negligent homicide of the second degree.

Also, the evidence, including the testimony of appellant, shows without dispute that appellant was unlawfully carrying the pistol which discharged the fatal bullet.

Appellant's contention in the alternative that the trial court erred in failing to give an instruction as to the law of negligent homicide of the first degree is predicated upon the theory that the evidence showed or raised the defense that the carrying of the pistol was not unlawful because appellant was carrying it back to his employer's place of business, and that whether or not he deviated from his route in doing so would be a question for the jury to decide.

We find no merit in this contention.

The record shows that appellant told the officer who arrested him that "he accidentally shot the woman in the case"; that the gun did not belong to him and that "he was in the process of returning it to the owner." He testified at the trial that the pistol belonged to Willie Stewart for whom he worked part time at night; that when Stewart put him out at his home about 12:30 A.M. he said he wasn't going straight home; that he was going out to drink some more and told appellant to bring the gun by his house the next day. "Q. And was it your intention—at the time that you went into this place, were you on your way to take the gun back to him? Is that true or not? A. Yes, sir."

■ On cross-examination appellant testified that he got up about 10 o'clock; that he put on the same britches he had on the night before and the gun was still in his pocket; that he went "on Holman and Sampson" where he ran into Edwin Nixon and went with him and waited about 30 or 40 minutes while he got a haircut "on McIlhenny and Live Oak"; that he and Nixon then went to two cafes before they went to the Celebrity Room where the pistol was discharged; that when they arrived at the Celebrity Room he and Nixon went through the cafe part to the back room and shot a game of pool, and later came to the bar and ate the bowl of chili they had ordered.

Under appellant's version the carrying of the pistol was unlawful. His testimony did not raise a defensive issue.

Appellant's remaining contention is that the trial court erred in applying the law of accident to the facts of this case because he did not present the appellant's defense in an untrammeled and "unmingled" manner, and by doing so deprived appellant of an affirmative defensive charge.

This contention relates to the last two paragraphs of the portion of the charge above quoted which appellant says unduly restricted his defense of accident and suggests, implies "and in fact in effect tells the jury that the Defendant was guilty of negligence and carelessness at the time of the alleged offense" and was a comment upon the weight of the evidence.

Appellant cites and relies upon McPeak v. State, 80 Tex.Cr.R. 50, 187 S.W. 754; Harris v. State, 101 Tex.Cr.R. 33, 274 S.W. 568; Buchanan v. State, 127 Tex. Cr.R. 100, 74 S.W.2d 1022, and Burt v. State, 138 Tex.Cr.R. 540, 137 S.W.2d 1045, 140 Tex.Cr.R. 410, 145 S.W.2d 886.

■ This appeal being from a conviction for negligent homicide, and appellant standing acquitted of the offense of murder is in no position to complain that his defense to the charge of murder was unduly limited by the court's charge.

■ Accident is not of course a defense to negligent homicide. As applied to negligent homicide, we find no reversible error in the court's charge on accident. Biggerstaff v. State, 59 Tex.Cr.R. 575, 129 S.W. 840.

Harris v. State and Burt v. State, supra, were cases where the conviction was for murder. In Buchanan v. State, supra, the conviction was for assault with intent to murder. Neither of these cases cited by appellant is deemed authority for reversal of this conviction for negligent homicide of the second degree.

■ We do not find in the instruction complained of where the trial judge suggested, implied or told the jury that appellant was guilty of negligence.

■ The evidence is sufficient to sustain the conviction and no reversible error appears.

The judgment is affirmed.