### JOHN HOUSTON v. THE STATE.

*No. 769.   Decided June 12.*

**Murder of the Second Degree—Fact Case—Evidence Sufficient.**—See facts, stated in the opinion, upon which it is *Held,* that a case of murder of the second degree was fully made out under the law; and that the court did not err in failing or omitting to submit to the jury the issues of manslaughter, negligent homicide, or self-defense, as the evidence did not suggest such issues in the remotest degree.

APPEAL from the District Court of Waller.   Tried below before Hon. T. S. REESE.

Appellant and Tom Casteele were indicted jointly for the murder of Ann Beberly, alias Ann Belville.   The case was dismissed as to Tom Casteele, and appellant was convicted of murder of the second degree, with punishment assessed at twenty years' imprisonment in the penitentiary.

The opinion states the facts.

*A. J. Harvey,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of murder in the second degree, and given twenty years in the penitentiary.   In substance, the evidence discloses that appellant and deceased were at a ball together on the night of the homicide.   That he sought to engage in a play with her.   That he tried to "hug and kiss her."   That she repelled him.   That through one John Waters he borrowed a pistol from one Williams for the purpose of "going out in the prairie to head off a girl."   That he left the ball room in company with Tom Casteele.   That they went to the prairie.   That shortly after reaching this point deceased and three others came along.   Defendant called out three times to the approaching crowd to halt, and inquired if Will Bailey was there.   Being answered in the negative, he fired his pistol twice into the air, and then at the crowd, shooting deceased.   That from this shot she died.   That deceased stated at once that appellant told her "if she did not do what he said for her to do, he would get even with her."   Appellant and Casteele then went to a gambling den, remained there awhile, and thence returned to the ball room, and appellant returned the pistol to Waters.   When borrowed, the pistol was loaded all round; only one barrel remained loaded when returned.   Three or four shots were fired, witnesses differing as to number.   It was a 38-caliber, and deceased was shot with a 38-caliber pistol.   Several witnesses testified that the shot killed the woman; and there was no contradiction in the testimony on this point.   Tom Casteele, the accomplice, testified that appellant fired the shots, one of which resulted in deceased's death.   Appellant was recognized by his voice, by two

of the parties accompanying deceased, as the party who spoke to them at the time and place of the shooting. He testified to his presence, but that Casteele did the shooting, and he urged Casteele not to do so. Casteele testified that appellant did the shooting, and he begged appellant not to fire the pistol. None of the others present at the difficulty testified as to such request being made by either.

It is here contended that this evidence fails to establish the corpus delicti; that the law of negligent homicide in both degrees should have been given in charge to the jury; that the law applicable to a case of manslaughter should also have been embodied in the instructions; that the law of self-defense should have been given; and that the evidence does not support the conviction. We find no merit in either contention. The testimony nowhere suggests the issues of negligent homicide, manslaughter, or self-defense in the remotest degree. How a homicide of less culpability than murder could be deduced from the facts before us we are unable to see. Appellant borrowed a pistol "to head off a girl," went to the point designated—"the prairie"—waited till she came, and upon her arrival shot and killed her. This is murder under our law, if the facts be true. The jury credited the facts.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.