## JUNE, 1910.

HENRY WILSON v. THE STATE.

No. 193.  Decided December 15, 1909.

Rehearing denied June 15, 1910.

**1.—Murder—Charge of Court—Manslaughter.**

Where, upon trial of murder, the evidence did not show that at the time of the killing the deceased was inflicting any species of cruelty or inhuman punishment in chastising the child of herself and husband, this would not be adequate cause, and there was no error in the court's failure to instruct on manslaughter in the trial of the husband for the murder of his wife.

**2.—Same—Negligent Homicide—Charge of Court.**

Where, upon trial of murder, the evidence did not raise the issue of negligent homicide, there was no error in the court's failure to charge thereon.

**3.—Same—Evidence—Motive—Animus and Intent.**

Upon trial of murder there was no error in admitting testimony showing that the defendant was arraigned before a justice of the peace for fighting his wife and for assaulting her with a pistol and gun some time previous to the homicide, and there was no error in not limiting same.

Appeal from the District Court of Fayette.  Tried below before the Hon. L. W. Moore.

Appeal from a conviction of murder in the second degree; pen-. alty, fifty years imprisonment in the penitentiary.

One of defendant's young children testified for the State that his parents had trouble on the Sunday previous to the killing and that defendant got a gun and tried to kill his mother, the deceased, but that the latter took it away from him and put it up; that on the day following he returned about noon from his field work, and that the witness' mother was whipping his little sister, who was some six years old, for killing one of the little turkeys, and that she did so against the defendant's command not to do so; that thereupon he first looked for a plank in the yard, but couldn't find one, and then came into the house and got the gun and shot deceased.  This, with the testimony as stated in the opinion, is a sufficient statement of the case.

*John T. Duncan,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of murder in the second degree, and his punishment assessed at fifty years confinement in the penitentiary.

Appellant's defense was that the killing was accidental, and that his wife had possession of a shotgun and that he was attempting to take the gun away from her, when in the struggle over the gun it was accidentally discharged, the wife receiving the contents in her body, which caused her death.

1. The court submitted to the jury the issues of murder in the first and second degrees, and instructed the jury that if they believed from the evidence that deceased had possession of the gun, and that defendant in attempting to take same from her, and in the struggle to disarm her, the gun was accidentally discharged and deceased was killed from such discharge, the jury should acquit, or if they had a reasonable doubt of such fact they should acquit. Appellant insists the court erred in not charging upon manslaughter. We see no element of manslaughter in this case. The suggestion upon which the issue of manslaughter is insisted on by appellant is that defendant's mind was rendered incapable of cool reflection by the fact that deceased was whipping the child of appellant and deceased, deceased being the wife of appellant. There is no evidence in this record that deceased was inflicting any species of cruelty or inhuman punishment in chastising her child. The mere fact that appellant was the father of the child and husband of the deceased would not authorize appellant to kill her for said act, and claim a manslaughter verdict.

2. There was no error in the court failing to charge on negligent homicide. This was not suggested by the evidence.

3. Appellant further insists the court erred in permitting the justice of the peace to testify that he had a case in his court against defendant for fighting his wife; and also in allowing the State to prove by the witness Will Hart that he was constable, and that the defendant had paid fines for fighting his wife and assaulting her with a pistol and a gun. The objection to this was that it was an attempt to put the defendant's general character and reputation in evidence; that the evidence was hearsay and immaterial. When appellant was on the stand he was asked if he had not paid fines for fighting his wife. This he denied, and said he and his wife had always gotten along well. The court said he allowed this testimony to impeach appellant. We hold the testimony was admissible for the purpose of proving motive, animus and intent at the time of the homicide. The testimony could not justly be appropriated by the jury for any other purpose than that suggested. It follows the

court did not err in failing to limit this testimony in his charge for which it was admissible as above suggested. We think the evidence in this case very clearly sustains the verdict. It shows that appellant killed his wife without any real cause. While the punishment of fifty years may appear excessive, we do not think so in the light of this record.

*Affirmed.*

### ON REHEARING.

### June 15, 1910.

COBB, SPECIAL JUDGE.—Appellant complains of the judgment of affirmance herein in an opinion by Judge Brooks, rendered December 15, 1909, insisting that the court should have sustained propositions 1, 2, 3, and 4 under his first assignment of error, the substance of all being that the court below should have submitted manslaughter, because of "the unmerciful whipping and punishing of his child in his presence," it being claimed that such conduct by one parent towards the child of both is sufficient to raise in the other sudden passion of the degree rendering him incapable of cool reflection. We fully concur with counsel in his view of the law thus expressed, and if the testimony warrants the hypothesis of fact indicated in the words quoted above, the motion ought to be granted. What is the situation we are to deal with? It is the settled law that if a homicide be proven unlawful, and no further proof appear, malice is implied, and the slayer is adjudged guilty of murder in the second degree. If it be sought to raise the degree of the offense, satisfactory evidence of express malice must be adduced. If that be not done, and if there be the entire absence of evidence tending to reduce the grade of the offense, the conviction must be murder in the second degree. Hence, it is not incumbent on the trial court, nor proper, to instruct upon manslaughter where there is no testimony, or where there is a mere suggestion or hint of facts that might show manslaughter. Such a mere semblance of proof or so slight proof as no sensible juror would hang a question upon. What must be shown or put in the balance of reasonable doubt before the issue of manslaughter is required to be placed before the jury? We regard the statute as plainly requiring that there must be some proof tending to show that the homicide was committed under the immediate influence of sudden passion; that there was such cause of or provocation producing the passion as would produce in persons of ordinary temper a degree of anger, etc., sufficient to render them incapable of cool reflection, and that such condition of mind was in the slayer when he committed the deed. Now, let us see the evidence offered, if any there be, bearing upon all or any of these three points. In the statement made in the motion the evidence is thus set forth: A witness for the State testified that working at least 300 yards from the house where the homicide occurred he

heard the gun fire; that deceased was whipping the child, a girl six years old. Counsel says "inferably with a leather strap three feet long," and that the testimony tended to show that the "shooting occurred at the time deceased was whipping the child." He refers also to the testimony that there was found near the hand of deceased the leather strap. As we understand counsel, he contends that this testimony, that is, the fact that the witness 300 yards or more away heard the sound of the whipping and that deceased used a leather strap three feet long, tended to establish a probability that deceased was unmercifully whipping the child, and an inference that appellant was thereby provoked to the degree of passion that would commonly render ordinary persons incapable of cool reflection and produce that effect in him. Appellant and his counsel must have recognized the value of the fact, if such it was, that deceased was at the time or just prior to the homicide cruelly beating the child. We do not intimate that appellant should be estopped from claiming the benefit of any testimony that might tend to raise the issue of manslaughter by testifying as he did; that the whole matter was an accident, and that he knew nothing of the whipping of the child and was not mad, but was in a good humor with his wife. We find no intimation in the record that the child was injured or that her punishment exceeded what the mother might lawfully inflict in the due enforcement of parental authority, and decline to base upon the one circumstance, that licks made with a piece of bridle rein sounded out 300 yards, the presumption of all the facts and conditions, the existence of which must be at least probable in order that a homicide deemed malicious may be reduced to the grade of manslaughter. We are unable to see any semblance of negligent homicide in the testimony. Under the State's version appellant is guilty of murder. If his testimony was true or not proven to be untrue he was entitled to a full acquittal, and the court so instructed.

We do not deem it necessary to say anything regarding the third ground of the motion other than refer to the opinion heretofore rendered, and the same may be said as regards the remaining matters suggested. It is doubtless the duty of the trial court to limit impeaching evidence by written charge, but the substance of all that was testified by the State's witnesses regarding the previous troubles of appellant with his wife was his own acts. Upon the whole record and after careful consideration of the motion, which is presented with unusual force and ability, we are satisfied the judgment of affirmance ought to stand.

*Overruled.*

McCord, Judge, not sitting.