## GEORGE LEE TAYLOR v. THE STATE.

No. 22330. Delivered December 9, 1942.

The opinion states the case.

*Percy Foreman,* of Houston, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the State penitentiary for a period of twenty years.

The evidence in this case presented two theories. That of the State was a wilful and deliberate murder, while that of the appellant was an accidental discharge of the pistol by which the fatal injury was inflicted.

The record shows that appellant and the deceased had been married about one year at the time of the homicide; that she left him and went to her mother's home; that on the day of the killing he came to her mother's house in a car and sought to induce her to come back to him, which she declined to do; that he spent most of the day at his mother-in-law's home endeavoring to get his wife to go back and live with him. During the time that he was there he exhibited a pistol and pointed it at her but what he said could not be understood by the mother of the deceased, who was some distance away. About 5:00 P. M., while he was sitting in his car and she was standing by the side of it with her head resting on the door, he shot her in the top of the head and then hurriedly drove away to his father's home, where he reported that his wife had been shot. The father picked up a "two by four" piece of timber and struck him several blows. Appellant then got in his car and went to Tyler from where he was brought back by his father and turned over to the officers.

Appellant's defense was that the pistol was accidentally discharged. This theory was sharply contested by the State. Several witnesses testified to the trouble between them as a result of his unfaithfulness to his wife with which she charged him, and when so charged, he threatened to kill her.

By Bill of Exception No. 1 appellant complains of the action of the trial court in permitting the District Attorney, in the

development of the case, to ask the State's witnesses as to whether or not the deceased was armed or was in any way attacking or attempting to injure the defendant, to which he, through his counsel, objected on the ground that there was no contention on the part of the defendant that he acted in self-defense and that therefore self-defense was not an issue in the case; that the answers to the questions were prejudicial and inflammatory. The objections were overruled and appellant excepted. It must be borne in mind that appellant entered a plea of not guilty, thereby placing the burden of proof of the whole case upon the State. We know of no rule of procedure which authorizes the defendant in a criminal case to direct or prescribe the procedure to be pursued by the State in developing its case. It not only had a legal right to show the killing but also to show, if it could, that there was no excuse or justification for the same, and no circumstances which would mitigate it in order to show that the same was committed with malice aforethought. Hence we overrule his contention. See Burns v. State, 127 Tex. Cr. R. 356, and cases therein cited.

By Bill of Exception No. 2 appellant contends that the District Attorney, on cross-examination of the defendant, propounded to him the following questions: (1) If it were not a fact that he had been married before; (2) that he had infected his wife with syphilis; (3) that she had died from an operation made necessary by reason of having contracted such disease; and (4) if he were not then suffering from the veneral disease, to all of which he claims that he objected for the reason that the same were highly prejudicial and inflammatory and were calculated to prejudice the jury against him. This bill is qualified by the court, who states in his qualification thereof, that the first question was not asked in the form stated by appellant in his bill, but was in the following form: "Was that your first or second wife?" to which the defendant, without objection, stated that it was his second wife. The court certified that the second, third and fourth questions were not asked. However, the District Attorney did ask the appellant where his first wife was, to which he replied: "She is dead; that she died from an operation," to which no objection was interposed and no exception was taken to the qualification of the bill. Hence appellant is bound thereby. The bill, as thus qualified, fails to show error.

Appellant next complains of Paragraph 9 of the court's charge in which the jury were instructed, among other things, as follows:

"Now, if you believe from the evidence, beyond a reasonable doubt that the defendant, in a sudden passion arising from an adequate cause, as the same has been hereinbefore explained, and not in defense of himself against an unlawful attack producing a reasonable fear of death or serious bodily injury * * * did voluntarily shoot with a gun and thereby kill the said Ida Lee Taylor, the deceased, then you will find the defendant guilty of murder without malice aforethought, etc."

Appellant objected to the following sentence: "And not in defense of himself against an unlawful attack producing a reasonable fear of death or serious bodily injury," on the ground that it suggested to the jury that the only valid defense authorizing a reduction of the punishment for murder without malice would be self-defense, and that unless they believed he acted in self-defense they could not reduce the penalty. We do not believe that the charge is subject to the construction placed thereon by the appellant. It was not a charge on self-defense. It was more a defintion of murder without malice as provided by Article 1257c, Penal Code. We perceive no harmful effect from the language complained of.

Appellant next complains of the court's action in declining to charge on the law of circumstantial evidence. This complaint, in our opinion, is without merit and we see no need for discussing the question at length.

The next error presented for review relates to the law of negligent homicide and in declining to heed his request therefor. In our opinion, the issue is not raised by the evidence. There were but two theories presented. That of the State was murder with malice and that of the defendant was accidental homicide. The State's theory finds support in the evidence which shows that the deceased had declined to live with the appellant any longer. She had gone to the home of her mother to live. On the day of the homicide appellant went to the home of his mother-in-law, armed with a pistol, and sought to persuade the deceased to come back to him, which she declined to do. He spent a greater part of the day at the home of his mother-in-law in an effort to induce his wife to return to him. Later

in the afternoon of that day, while he was sitting in his car and she was standing by the side of it with her chin resting on the side of the door, he shot her in the top of the head and then fled immediately, leaving her lying on the ground reeling in her own blood. Appellant contends that the pistol was accidentally discharged and that he did not intend to kill his wife. If the State's theory is accepted, appellant is guilty of murder; if the appellant's theory be accepted, then he is not guilty of any offense. The issues thus raised were adequately submitted to the jury by the court in his charge, and the jury who are the exclusive judges of the facts proven, the credibility of the witnesses and the weight to be given to their testimony, determined that appellant was guilty of murder with malice, and this court would not be authorized under the facts disclosed by the record to disturb their finding. Appellant contends, however, that since he was unlawfully carrying a pistol, he was engaged in the performance of an unlawful act, and being so engaged at the time of the killing, he was entitled to a charge on negligent homicide. Even if it be conceded that he unlawfully carried a pistol and that the carrying of a pistol is an unlawful act, still this would not require an instruction on negligent homicide. There must be some evidence showing that he, in some manner, negligently wielded the pistol when there was apparent danger of killing her or someone else, but in this respect the evidence falls short of meeting the requirements of the law. See Scott v. State, 47 Tex. Cr. R. 568; Houston v. State, 34 Tex. Cr. R. 587; Wilson v. State, 60 Tex. Cr. R. 1; Hodge v. State, 60 Tex. Cr. R. 157; Garner v. State, 24 S. W. 420.

No reversible error appearing in the record, the judgment is affirmed.

The following opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.