**Henry Robert SMITH, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44101.**

Court of Criminal Appeals of Texas.

Sept. 16, 1971.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This appeal is from a conviction for murder. The punishment was assessed by the jury at ninety-nine years.

It is contended that the evidence is insufficient to support the conviction and that the court erred in refusing to charge on circumstantial evidence and negligent homicide.

We affirm.

The appellant and Billy Joe Smith, the deceased who was appellant's brother, had been out together on the evening of May 24, 1969. Billy Joe returned to his mother's and stepfather's home around 12:30 a. m. Billy Joe went to the refrigerator and made a sandwich. Shortly thereafter Billy Joe went upstairs to go to bed. The appellant returned home around 2:00 a. m. and went to the refrigerator where he found his lunchmeat was gone. He asked his mother about it, and she told him Billy Joe had eaten it. From the stairwell the appellant told Billy Joe, who was still upstairs, that he ought to buy his own meat. Billy Joe replied that he would pay him for the meat and tossed a coin down the stairs.

Hollis Davis, stepfather of the two brothers, testified that he then heard the appellant open a drawer in the kitchen and saw him go up the stairs. The appellant and Billy Joe were the only ones upstairs. Davis heard a rumbling noise about ten seconds after appellant had gone up. He next saw Billy Joe come downstairs holding his side and bleeding. The appellant then came downstairs holding a knife. Billy Joe said to the appellant: "Junior, don't cut me no more." The appellant gave Billy Joe a towel and left the house. He then went to the house of his sister and told her to go see about her brother because he had cut him.

The appellant testified that when he got upstairs Billy Joe told him to go to the closet and get a knife so he could show the appellant some judo or karate "tricks." Appellant testified that he complied with this request and tried to stab Billy Joe. He also testified that he did not remember actually stabbing his brother, and said, "I did not kill my brother intentionally, it was an accident."

The physician who performed the autopsy on Billy Joe testified that the cause of death was a laceration of the liver and interior vena cava.

The evidence was sufficient for the jury to conclude that the appellant killed his brother with malice.

 Complaint is next made of the trial court's refusal to charge the jury on circumstantial evidence. The appellant admitted that the weapon, a butcher knife, was in his possession, that he was an active participant in the events leading to his brother's death, and that he tried to stab his brother although he says it was in compliance with Billy Joe's request. He further admitted killing his brother, not intentionally but accidentally. Hence, appellant's own testimony is sufficient direct testimony that he inflicted the wound that killed his brother. Wagner v. State, Tex. Cr.App., 463 S.W.2d 432. Direct testimony from any source that the accused was an actor in bringing about the death of the deceased characterizes the case as one of direct and not circumstantial evidence. Miers v. State, 157 Tex.Cr.R. 572, 251 S. W.2d 404.

In the present case the only element proved by circumstantial evidence was the intent to kill. Where the only element proved by circumstantial evidence is that of intent, no charge upon circumstantial evidence is required. Barber v. State, Tex.Cr.App., 462 S.W.2d 33; Doswell v. State, 158 Tex.Cr.R. 447, 256 S.W.2d 416. The court did not err in refusing the charge.

Appellant also complains of the trial court's refusal to grant his requested charge on negligent homicide. The defense raised the issue of accident and the court instructed the jury that if the killing was the result of an accident to acquit. In such a situation the court need not charge the jury on negligent homicide, Shelton v. State, Tex.Cr.App., 367 S.W.2d 867; Beasley v. State, 171 Tex.Cr.R. 115, 346 S.W.2d 123, and this complaint is without merit.

No reversible error is shown. The judgment is affirmed.