Rene ESPARZA, Sr., Appellant,

v.

The STATE of Texas, Appellee.

No. 48886.

Court of Criminal Appeals of Texas.

Feb. 26, 1975.

Rehearing Denied March 19, 1975.

Vincent W. Perini, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., William L. Hubbard, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty. and David S. Mc-Angus, Asst. State's Atty., Austin, for the State.

## OPINION

## ON APPELLANT'S MOTION FOR REHEARING

ROBERTS, Judge.

Our prior opinion is withdrawn and, based on my dissent to the original opinion written by Judge Morrison affirming this case, the majority now hold as follows.

Appellant was accused of killing his infant son, Rene Esparza, Jr. The record reflects that on the date of the offense the child, who had been left in appellant's care, began to cry. Appellant attempted to quiet the child without success. He then held the child by the legs and began swinging him about the room, hoping, he stated, " . . . he would quiet down or he would get dizzy and go to sleep." Appellant stated that during this action he himself became dizzy and that he leaned forward. When he did so, the child's head struck a chest of drawers, causing the injuries from which he died thirteen days later. There was no evidence of any prior

acts of brutality toward the child. As noted both in his testimony and in a written statement, the appellant admitted swinging the child, but contended that he had not intentionally caused the child to strike the chest of drawers.

A charge on accident was given.

■ Appellant's last ground of error urges that the court erred in refusing his request that the jury be instructed on the law of negligent homicide. We have concluded that this contention has merit and requires that the judgment in this case be reversed.

■ It is true that a number of opinions by this Court have stated that as a general rule a charge on negligent homicide is not required when a proper charge on accident is given. See Palafox v. State, 484 S.W.2d 739 (Tex.Cr.App.1972) and cases there cited. However, an examination of the cases advancing that proposition reveals that the general statement should not be taken as an absolute rule. The proper approach is one which this Court has traditionally taken, to wit: that an accused is entitled to an instruction on every defensive matter raised by the evidence. See Thompson v. State, Tex.Cr.App., 521 S.W.2d 621 (1974).

In Sykes v. State, 399 S.W.2d 349 (Tex.Cr.App.1966), the accused was charged with murder with malice arising out of the shooting of a young girl. His defense was accident, and he received a charge on that subject. However, the trial court also charged extensively on negligent homicide, and the jury convicted the accused of negligent homicide in the second degree.

Judge Woodley, speaking for a unanimous court, approved the giving of the negligent homicide charge and stated that the court did not err in giving such an instruction.

In Taylor v. State, 145 Tex.Cr.R. 158, 166 S.W.2d 713 (1942), the appellant urged that his gun discharged accidentally, but

sought a negligent homicide instruction. This Court held that the charge was not required because there was no evidence that the pistol had been wielded in a negligent manner when there was apparent danger to another. Similar rulings may be found in Wilson v. State, 60 Tex.Cr.R. 1, 129 S.W. 613 (1910) and Hodge v. State, 60 Tex.Cr.R. 157, 131 S.W. 577 (1910). In each of these cases, and in others, this Court has implied that charges on both accident and negligent homicide may be proper if the evidence raises such issues.

The cases of Shelton v. State, 367 S.W. 2d 867 (Tex.Cr.App.1963) and Beasley v. State, 171 Tex.Cr.R. 115, 346 S.W.2d 123 (1961) are both based on the decision in Simmons v. State, 145 Tex.Cr.R. 619, 170 S.W.2d 742 (1943). In that case, the Court observes that the appellant was urging the contention regarding negligent homicide for the first time on appeal, and that he had not sought the instruction in the trial court. Further, under the facts in that case, the issue of negligent homicide was not raised. At no point in the opinion does the Court intimate that if such issue had been raised, the refusal to give the charge would have been proper.

Palafox v. State, supra, is a recent case on this subject, discussing the issue extensively. However, the opinion observes that the evidence would not support the giving of negligent homicide instructions because, according to the appellant's testimony, the act which caused the victim's death was entirely accidental.

Graham v. State, 486 S.W.2d 92 (Tex. Cr.App.1972) and Smith v. State, 470 S. W.2d 696 (Tex.Cr.App.1971) assert, without discussion, that a charge on accident negates the need for a charge of negligent homicide. Both rely on Shelton v. State, supra, and Beasley v. State, supra.

█ In the instant case, the appellant's testimony, if believed, outlines a situation in which an intentional act produced an unintended result. This is the essence of the offense of negligent homicide. As we said in Egbert v. State, 76 Tex.Cr.R. 663, 176 S.W. 560, 563 (1915):

" . . . negligent homicide is based wholly upon the theory that the evidence must show there was no intent to kill by an act *intentionally* done. Accidental homicide arises only when the act which caused the death was *unintentionally* done . . . " (Emphasis added)

By charging the jury only on the defensive theory of accident, as was done here, the court left the jury no alternative but to convict the appellant of murder with or without malice, or to acquit him. Here, the appellant admitted that the act of swinging the child around the room was intentional. Under these circumstances, the jury would have had to disobey the instructions given by the court in order to find that accident occurred. However, a charge on negligent homicide, which was raised by the evidence, would have given them another alternative more consistent with the facts presented than either accident or murder.

█ If the facts raise the issue of negligent homicide, then a charge on that subject, if properly requested, must be given. If the accused requests charges on both accident and negligent homicide, and there is any doubt in the court's mind as to which issue should be submitted, the accused should be given the benefit of that doubt with charges on both being submitted. When he makes proper request, an accused is entitled to an instruction on every defensive matter raised by the evidence. See Thompson v. State, supra, and Gavia v. State, 488 S.W.2d 420 (Tex.Cr. App.1972). While ordinarily a clear defense of accident will not raise the issue of negligent homicide, this will not invariably be the case. When the issue is raised, as it was here, the accused is entitled to benefit from a charge on the subject.

The motion for rehearing is granted. The judgment is reversed and the cause remanded.

MORRISON, J., concurs in the result.

DOUGLAS, Judge (dissenting).

The majority now reverses this conviction because the court did not charge on negligent homicide. The court charged on accident as follows:

"You are further instructed that no act done by accident is an offense. If you find and believe from the evidence that the injury sustained by Rene Esparza, Jr., if any, or the death of Rene Esparza, Jr., if any, was the result of an accident, or if you have a reasonable doubt thereof, then you will find the defendant not guilty."

The appellant gave a rather unusual explanation of the cause of death of the baby. He testified that in order to stop the baby from crying he took the child by the legs and began to swing him around so "he would get dizzy and go to sleep." The baby's head hit the chest of drawers and he died thirteen days later as a result of the injuries.

The testimony relied upon by the majority to require a charge on negligent homicide is insufficient to raise such an issue.

An element of the offense of negligent homicide is found in Article 1232, Vernon's Ann.P.C. (1925, as amended), and is as follows:

"To constitute this offense there must be an apparent danger of causing the death of the person killed or some other."

Where was there an apparent danger of death either as viewed from the standpoint of the appellant or in all of the facts of the case?

Palafox v. State, 484 S.W.2d 739 (Tex. Cr.App.1972), and Shelton v. State, 367 S. W.2d 867 (Tex.Cr.App.1963), which hold that where a charge on accident is given no charge on negligent homicide is required, should be followed.

Assuming that the court erred in not giving a charge on negligent homicide, the question of harmless error should be considered. The Legislature provided that this Court should not reverse a conviction because of errors in the charge unless the defendant was injured. Article 36.19, Vernon's Ann.C.C.P., provides, in part, that where the requirements of Articles 36.14, 36.15 and 36.16, V.A.C.C.P., relating to court's charge have been disregarded ". . . [t]he judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. . . ."

How could the jury have reached a different verdict, especially where the court gave a charge on the broader defense of accident?

See the dissent of this writer in Stiles v. State, Tex.Cr.App., 520 S.W.2d 894.