TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00226-CR







Steve Mark Sherlund, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 8000, HONORABLE CLAYTON E. EVANS, JUDGE PRESIDING







 After finding appellant guilty on two counts of the offense of intoxication
manslaughter (1) and two counts of intoxication assault, (2) the jury assessed punishments at
confinement for fourteen years and fines of $5,000 on each of the first two counts and confinement
at nine years and fines of $5,000 on each of the latter two counts. Appellant asserts three points
of error, namely: (1) the trial court erred in refusing to submit the lesser included offense of
negligent homicide; (2) trial counsel was ineffective during the guilt-innocence phase of the trial;
and (3) appellant did not receive the effective assistance of counsel at the punishment phase of the
trial. We will overrule appellant's points of error and affirm the judgment of the trial court.

 Undisputed eyewitness testimony showed that on the night of September 2, 1995,
appellant drove his vehicle so erratically on Highway 183 between Lampassas and Briggs that four
oncoming vehicles had to take evasive action to avoid colliding with appellant's vehicle. At times,
appellant's vehicle reached a speed as high as ninety miles an hour before it crossed the center line
and collided with a vehicle driven by Sonya Morris. Two occupants of the Morris vehicle were
dead at the scene. Two other occupants of the Morris vehicle and appellant received serious
bodily injuries. Glenn Harrison, supervisor of the toxicology section of D.P.S. in Austin, testified
that an analysis of blood taken from appellant showed a blood alcohol content of .243 grams per
100 milliliters, .143 grams above .10, the legal threshold for intoxication.

 Appellant's complaint about the trial court's refusal to charge on the lesser included
offense of negligent homicide appears to be based on testimony elicited from John Hartwick on
cross-examination. Hartwick, a certified medical technician, had followed appellant's vehicle for
twenty-four miles and was one of the witnesses who described appellant's erratic driving. While
appellant makes no reference to the page nor quotes the exact testimony of Hartwick that would
entitle him to a charge on negligent homicide, it appears that appellant relies on Hartwick's
testimony on cross-examination that unconsciousness could result from having fallen asleep or
being under the influence of alcohol.

 The two-prong test to determine whether a charge on a lesser included offense
should be given was first articulated in Royster v. State, 622 S.W.2d 442 (Tex. Crim. App. 1981),
and modified (as shown in emphasis) in Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim.
App. 1993). It provides: "first, the lesser included offense must be included within the proof
necessary to establish the offense charged, and, second, some evidence must exist in the record
that would permit a jury rationally to find that if the defendant is guilty, he is only guilty of the
lesser offense." Rousseau, 855 S.W.2d at 673.

 Focusing on the first prong, appellant relies on cases that arose prior to the offenses
of intoxication manslaughter and intoxication assault that became effective on September 1, 1994. 
See Aliff v. State, 627 S.W.2d 166, 171 (Tex. Crim. App. 1982); Esparsa v. State, 520 S.W.2d
891, 893 (Tex. Crim. App. 1975). Under Esparsa and Aliff, the offense of negligent homicide
was raised when an intentional act produced an unintended result. Proof of a culpable mental state
is not required in proving intoxication manslaughter and intoxication assault. Section 49.11 of the
Texas Penal Code provides: "Notwithstanding Section 6.02(b), (3) proof of a culpable mental state
is not required for conviction of an offense under this chapter." Tex. Penal Code Ann. § 49.11,
eff. Sept. 1, 1995 (West Supp. 1998). Consequently, the requested lesser included offense is not
included within the proof necessary to establish the offenses charged. Appellant has failed to
satisfy the first prong of the Royster-Rousseau test. Appellant's first point of error is overruled.

 In his second point of error, appellant contends that his trial counsel failed to render
effective assistance of counsel at the guilt-innocence phase of the trial. The burden of proof an 
accused has in proving ineffective assistance is set forth with clarity and completeness in Ex parte
Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990):


 The test to be applied in determining ineffective assistance of counsel is
found in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984). As this Court has previously noted, no mechanistic formula is provided by
Strickland:


 The benchmark for judging any claim of ineffectiveness must
be whether counsel's conduct so undermined the proper functioning
of the adversarial process that the trial cannot be relied on as having
produced a just result.


Butler v. State, 716 S.W.2d 48, 54 (Tex. Cr. App. 1986) quoting Strickland, 104
S.Ct. at 2064. A defendant seeking relief under Strickland must show that
counsel's performance was deficient and the defendant must show that the deficient
performance prejudiced the defense. Butler, 716 S.W.2d at 54. When clarifying
the "prejudice" prong of this two part test, the Strickland Court held:


 The defendant must show that there is a reasonable
probability that, but for counsel's unprofessional errors, the result
of the proceedings would have been different.  A reasonable
probability is a probability sufficient to undermine confidence in the
outcome.


Ex parte Guzman, 730 S.W.2d 724, 733 (Tex. Cr. App. 1987) quoting Strickland,
104 S.Ct. at 2068.


 This standard has never been interpreted to mean that the accused is entitled
to errorless or perfect counsel. Bridge v. State, 726 S.W.2d 558, 571 (Tex. Cr.
App. 1986). When reviewing a claim of ineffective assistance of counsel, judicial
scrutiny of counsel's performance must be highly deferential. 466 U.S. at 689, 104
S.Ct. at 2065, 80 L.Ed.2d at 694. Whether the Strickland standard has been met
is to be judged by "the totality of the representation." Id.; Ferguson v. State, 639
S.W.2d 307, 310 (Tex. Cr. App. 1982). Isolated instances in the record reflecting
errors of commission or omission do not cause counsel to become ineffective, nor
can ineffective assistance of counsel be established by isolating or separating out
one portion of the trial counsel's performance for examination. Bridge, 726
S.W.2d at 571; Johnson v. State, 629 S.W.2d 731, 736 (Tex. Cr. App. 1981). An
applicant must show omissions or other mistakes made by counsel that amount to
professional errors of a magnitude sufficient to raise a reasonable probability that
the outcome of the trial would have been different but for the errors. Butler, 716
S.W.2d at 54. The test is to be applied at the time of trial, not through hindsight. 
Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Cr. App. 1986), cert. denied, 480
U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987).



 At the outset, it must be recognized that defense counsel had a difficult task. Expert
testimony that showed appellant's blood alcohol content was more than double the threshold for
intoxication was not controverted. Undisputed testimony from three eyewitnesses described
appellant's erratic driving that caused oncoming traffic to take evasive action to avoid colliding
with appellant prior to the fatal collision. Appellant contends his trial counsel was defective in the
following areas: (1) failure to file appropriate pretrial motions; (2) allowing the State without
objection to present testimony on items contained in appellant's pretrial motion in limine; (3)
failure to see that objections to the introduction of medical records were contained in the record;
(4) failure to see that in-camera discussions were recorded in the record; (5) failure to vigorously
contest the deadly weapon issue; and (6) conceding appellant's guilt during final argument at the
guilt-innocence phase.

 A common thread running through appellant's complaints is the failure to show how
any of the alleged omissions of trial counsel would have probably resulted in a different outcome. 
See Wyatt v. State, 889 S.W.2d 691, 694 (Tex. App.--Beaumont 1994, no pet.). In a recent
opinion, the Court of Criminal Appeals observed that it was not unusual for a defendant to fail to
develop facts and details on direct appeal (4) sufficient to support a claim if ineffective counsel,
stating:


Experience has taught us that in most instances where the claim of
ineffective assistance of counsel is raised, the record on direct
appeal is simply not in a shape, perhaps because of the very alleged
ineffectiveness below, that would adequately reflect the failings of
trial counsel. Indeed, in a case such as this, where the alleged
derelictions primarily are errors of omission de hors the record
rather than commission revealed in the trial record, collateral attack
may be ... the vehicle by which a thorough and detailed examination
of alleged ineffectiveness may be developed and spread upon a
record.


Ex parte Duffy, 607 S.W.2d 507, 513 (Tex.Cr.App. 1980). For this reason we
have held that, when direct appeal has not provided an adequate record to evaluate
a claim which might be substantiated through additional evidence gathered in a
habeas corpus proceeding, we will not apply the general doctrine that forbids
raising a claim on habeas corpus after it was rejected on appeal. Ex parte Torres,
943 S.W.2d 469, 475 (Tex.Cr.App. 1997).



Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998).

 The only alleged error of commission by trial counsel in the instant cause was 
conceding appellant's guilt during final argument at the guilt-innocence phase of the trial. Trial
counsel argued that appellant had a couple of drinks, drove on the wrong side of the road, and
"wasn't bright enough or had normal use to understand it--none of it was with the intent for the
end result to occur." Faced with the overwhelming evidence of appellant's guilt, trial counsel was
in a position of losing credibility with the jury by contesting appellant's intoxication or that he
drove on the wrong side of the road. Considering the circumstances, the admission of guilt my
have been the appropriate trial strategy. While it may be argued that defense counsel should have
insisted that appellant enter a plea of guilty, the right of effective assistance of counsel does not
guarantee errorless counsel whose competency is to be judged by hindsight. See Saylor v. State,
660 S.W.2d 822, 824 (Tex. Crim. App. 1983). Appellant's second point of error is overruled.

 In his third point of error, appellant contends that his trial counsel rendered
ineffective assistance at the punishment phase of the trial. The effectiveness of trial counsel's
representation at punishment is governed by the standard announced in Ex parte Duffy, 607 
S.W.2d 507 (Tex. Crim. App. 1980). Pursuant to the Duffy standard, we consider whether
counsel was reasonably likely to render effective assistance, and whether counsel reasonably
rendered effective assistance at trial. See Craig v. State, 825 S.W.2d 128, 130 (Tex. Crim. App.
1992). Appellant faults his trial counsel for failure to request notice of the State's intent to use
extraneous offenses. In addition, appellant points to trial counsel's failure to make objections
when the State began to elicit evidence of extraneous bad acts and did not ask the trial court for
an instruction that the State had to prove beyond a reasonable doubt that appellant had committed
the offenses.

 At the beginning of the punishment phase, the State announced that it would rely
on the evidence already presented to the jury. Appellant's father, Bill Sherlund, a retired real
estate broker and active lay minister, was the only witness to testify. Sherlund and his wife,
residents of California, came to Texas, made bail for appellant, and returned him to California
where appellant spent four weeks in an alcohol rehabilitation center. After release from the
center, appellant returned to Texas and became involved in A.A. at Christian Farms near Copperas
Cove. Sherlund related that he and his wife made trips to Texas on three or four occasions to
attend these meetings with appellant. Appellant was "extremely remorseful, to the point of fault,"
and had made sincere efforts to rehabilitate himself.

 Under direct examination, Sherlund testified that he did not know of any
convictions or charges other than the instant one that appellant had experienced. Following an
unreported bench conference, the prosecutor asked Sherlund if he was aware of the following
charges that had been filed against appellant: petty theft as a teenager; theft, burglary and robbery
"combination" in California in 1990; resisting a public officer; giving false identification to a
peace officer in California in 1992; and disturbing the peace in California. Sherlund was then
asked if he was aware that convictions had resulted in the offense of disturbing the peace and
giving false identification to an officer. No documentary evidence was offered relative to any of
the charges. Sherlund stated that he was aware of the petty theft charge when appellant was a
teenager but had no knowledge of the other charges.

 Appellant cites Ex parte Jordan, 879 S.W.2d 61, 62 (Tex. Crim. App. 1994), to
support his contention that counsel was ineffective for failure to investigate the prior criminal
record and validity of prior convictions. Unlike the instant cause, Jordan was a post-conviction
application for writ of habeas corpus where the convicting trial court recommended relief based
on a hearing in which appellant had alleged that he was not represented by counsel in one of the
two prior convictions used for enhancement of punishment resulting in the applicant receiving a
life sentence.

 Defense counsel filed a pretrial motion in limine requesting a hearing be held to
determine admissibility before the introduction of any prior crimes or wrongs; however, a request
for a ruling on same was not made. We do not have the benefit of what occurred at the bench
conference prior to the prosecutor questioning Sherlund about appellant's prior charges and
convictions. Appellant correctly urges that a discovery motion regarding extraneous offenses did
not satisfy the necessity for a separate request regarding a ruling on extraneous offenses. See
Espinosa v. State, 853 S.W.2d 36, 38 (Tex. Crim. App. 1993). At the punishment stage, like the
guilt innocence phase, an attorney's assistance is gauged by the totality of the representation. See
Ex parte Cruz, 739 S.W.2d 53, 58 (Tex. Crim. App. 1987). Nor does the punishment phase
require that the accused be represented by errorless counsel; the standard being that an accused
be represented by counsel reasonably likely to render effective assistance of counsel. Id. When
viewed in the context of the instant cause, the extraneous offenses and charges appear to be of
relatively little significance as shown by the prosecutor's argument. At only one instance in his
final argument did the prosecutor refer to them; the focus of the prosecutor's argument was that
two people were killed, others were seriously injured, and occupants of other vehicles were placed
in harm's way. While defense counsel should have taken steps to learn of appellant's record
before placing appellant's father on the stand, the error when viewed in the context of this cause
does not render defense counsel's total representation ineffective. In light of the record before us,
we hold that appellant's claim of ineffective counsel at the punishment stage cannot be sustained. 
Appellant's third point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Powers, Jones and Davis*

Affirmed

Filed: November 19, 1998

Do Not Publish

















* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. See Tex. Penal Code Ann. § 49.08 (West 1994).
2. See Tex. Penal Code Ann. § 49.07 (West 1994).
3. Section 6.02 provides in pertinent part:


(a) Except as provided in Subsection (b), a person does not commit an
offense unless he intentionally, knowingly, recklessly, or with criminal
negligence engages in conduct as the definition of the offense requires.


(b) If the definition of an offense does not prescribe a culpable mental state,
a culpable mental state is nevertheless required unless the definition
plainly dispenses with any mental element.


Tex. Penal Code Ann. § 6.02 (West 1994).
4. In the instant cause, appellant did not file a motion for new trial.



nvestigate the prior criminal
record and validity of prior convictions. Unlike the instant cause, Jordan was a post-conviction
application for writ of habeas corpus where the convicting trial court recommended relief based
on a hearing in which appellant had alleged that he was not represented by counsel in one of the
two prior convictions used for enhancement of punishment resulting in the applicant receiving a
life sentence.

 Defense counsel filed a pretrial motion in limine requesting a hearing be held to
determine admissibility before the introduction of any prior crimes or wrongs; however, a request
for a ruling on same was not made. We do not have the benefit of what occurred at the bench
conference prior to the prosecutor questioning Sherlund about appellant's prior charges and
convictions. Appellant correctly urges that a discovery motion regarding extraneous offenses did
not satisfy the necessity for a separate request regarding a ruling on extraneous offenses. See
Espinosa v. State, 853 S.W.2d 36, 38 (Tex. Crim. App. 1993). At the punishment stage, like the
guilt innocence phase, an attorney's assistance is gauged by the totality of the representation. See
Ex parte Cruz, 739 S.W.2d 53, 58 (Tex. Crim. App. 1987). Nor does the punishment phase
require that the accused be represented by errorless counsel; the standard being that an accused
be represented by counsel reasonably likely to render effective assistance of counsel. Id. When
viewed in the context of the instant cause, the extraneous offenses and charges appear to be of
relatively little significance as shown by the prosecutor's argument. At only one instance in his
final argument did the prosecutor refer to them; the focus of the prosecutor's argument was that
two people were killed, others were seriously injured, and occupants of other vehicles were placed
in harm's way. While defense counsel should have taken steps to learn of appellant's record
before placing appellant's father on the stand, the error when viewed in the context of this cause
does not render defense counsel's total representation ineffective. In light of the record before us,
we hold that appellant's claim of ineffective counsel at the punishment stage cannot be sustained. 
Appellant's third point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Powers, Jones and Davis*